

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 20, 1965

Honorable W. H. Dancy, Jr.
County Auditor
Jefferson County
Beaumont, Texas

Opinion No. C-513

Re: Whether House Bill No. 140,
59th Legislature, 1965, au-
thorizes the Commissioners
Court of Jefferson County to
increase the salary of Crimi-
nal District Attorney, Judge
of the County Court-at-Law
and Judge of the County Court-
at-Law No. 2.

Dear Mr. Dancy:

In your letter requesting an opinion from this office, you ask the following question:

"'May the Commissioners Court increase the salaries of the Criminal District Attorney, and the Judge of the County Court-at-Law, and the Judge of the County Court-at-Law No. 2, under House Bill 140 of the 59th Legislature?'"

To answer your question, we must look to the provisions of Article 3883l, Revised Civil Statutes of Texas, which provides for maximum and minimum salaries; of certain precincts, counties and district officials in certain counties, which provides in part:

"Sec. 5. In each county in the State of Texas having a population of at least one hundred ninety-five thousand and one (195,001) inhabitants and less than six hundred thousand (600,000) inhabitants according to the last preceding Federal Census, the Commissioners Courts shall fix the salaries of the county and district officials named in this Act as not more than Twelve Thousand Dollars ($12,000) per annum; provided, however, that no salary shall be set at a figure lower than that actually paid on the effective date of this Act."

Jefferson County falls within the bracket provision of the above section.

". . . As amended Acts 1959, 56th Leg., 1st C.S., p. 17, ch. 4, § 1.

"Sec. 6.  The provisions of Sections 1, 2, 3, 4 and 5 of this Act shall be applicable to district clerks, county clerks, county judges, <u>judges of the county courts at law</u>, judges of the county criminal courts, judges of the county probate courts, judges of the county domestic relations court, county treasurers, <u>criminal district attorneys</u>, inspectors of hides and animals, sheriffs, assessors and collectors of taxes, county attorneys, county commissioners, sheriffs who also perform the duties of assessor-collector of taxes, county clerks who also perform the duties of district clerks, and county commissioners who act as road commissioners." (Emphasis added).

House Bill 140 of the 59th Legislature provides in part as follows:

"Section 1.  That House Bill No. 374, Acts of the 54th Legislature, Regular Session, 1955, Chapter 427, as amended, codified as Article 3883i, Vernon's Texas Civil Statutes, be and the same is hereby amended by adding Section 18 thereto, which shall hereafter read as follows:

"'Section 18.  The Commissioners Court in each county in the State is hereby authorized to increase the maximum compensation of each officer enumerated <u>in House Bill No. 374, as amended, in an additional amount not to exceed twenty per cent (20%) of the maximum sum authorized by House Bill No. 374, as amend-ed</u>; provided that the compensation of no official governed by the provisions of House Bill No. 374, as amended, shall be set at a figure lower than that ac-tually paid on the effective date of this Act; and provided, further, that no increased compensation shall be authorized pursuant to this Act until and unless a public hearing shall be had by the Commis-sioners Court, at a regular meeting of such Court, up-on the question of any proposed increase, following publication of notice of such public hearing at least two (2) times, one time a week, in a newspaper of general circulation in such county, prior to such pub-lic hearing.'" (Emphasis added).

However, the Criminal District Attorney and Judge of the County Court-at-Law and Judge of the County Court-at-Law No. 2 of Jefferson County, are not being compensated under the provisions of Article 3883i and House Bill No. 140 of the 59th Legislature, 1965, which amends Article 3883i but are being compensated under the following special Articles of the Revised Civil Statutes of Texas and Code of Criminal Procedure, as special statutes control over general statutes.

Article 52-160b of Vernon's Code of Criminal Procedure, provides in part as follows:

"Section 1. There is hereby created and established a Criminal Judicial District of Jefferson County, Texas, to be composed of the County of Jefferson, State of Texas alone, and which District is coextensive with the territorial boundaries and limits of Jefferson County, Texas.

"Sec. 2. There shall be elected by the qualified electors of the Criminal Judicial District of Jefferson County, Texas, at the regular election in November, 1950, and at the regular November election each four (4) years thereafter, an attorney for said District who shall be styled 'Criminal District Attorney of Jefferson County' and who shall hold his office for a period of four (4) years and until his successor is elected and qualified. The said Criminal District Attorney of Jefferson County shall possess all the qualifications and take the oath and give the bond required by the Constitution and laws of this State of other District Attorneys.

"...

"Sec. 4. The Criminal District Attorney of Jefferson County shall be commissioned by the Governor and shall receive as salary and compensation a sum of not less than Twelve Thousand Dollars ($12,000) nor more than Sixteen Thousand, Five Hundred ($16,500) per annum as shall be fixed by the Commissioners Court of Jefferson County, to be paid out of the Officer's Salary Fund of Jefferson County if adequate; if inadequate, the Commissioners Court shall transfer necessary funds from the General Fund of the County to the Officer's Salary Fund. . . ." As amended, Acts 1963, 58th Leg., p. 727, ch. 267.

Article 1970-111, provides:

"There is hereby created a court to be
held in Beaumont, Jefferson County, Texas, to
be called the County Court of Jefferson County
at Law."

Article 1970-122 provides:

"The judge of the County Court of Jefferson
County at law shall receive a salary of not more
than Sixteen Thousand Five Hundred Dollars ($16,500)
per annum, which shall be paid in twelve (12) equal
monthly installments out of the County Treasury of
Jefferson County as fixed and ordered by the Commis-
sioners Court of said county. The judge of the
County Court of Jefferson County at Law shall assess
the same fees as are now prescribed by law relating
to county judges fees, all of which shall be collect-
ed by the clerk of the court and paid into the county
treasury on collection and no part of which shall be
paid to said judge, who shall instead draw a salary
as herein provided.  . . . Acts 1963, 58th Leg., p.
472, ch. 169, § 2."

Senate Bill No. 371 of the 59th Legislature provides in
part as follows:

"Section 1.  There is hereby created a court
to be held in Beaumont, Jefferson County, Texas,
to be called the County Court of Jefferson County
at Law No. 2.

"  . . .

"Sec. 8.  The Judge of the County Court of Jef-
ferson County at Law No. 2 shall receive a salary
of not more than Sixteen Thousand Five Hundred Dol-
lars ($16,500.00) per annum, which shall be paid in
twelve (12) equal monthly installments out of the
County Treasury of Jefferson County as fixed and
ordered by the Commissioners Court of said County.
The Judge of the County Court of Jefferson County
at Law No. 2 shall assess the same fees as are now
prescribed by law relating to county judges' fees,
all of which shall be collected by the Clerk of
the Court and paid into the County Treasury on col-
lection and no part of which shall be paid to said

Judge, who shall instead draw a salary as herein provided." Which Bill is effective as of May 13, 1965.

It therefore appears from a reading of House Bill No. 140 of the 59th Legislature, 1965, amending Article 3883i, Vernon's Civil Statutes, that House Bill No. 140, Acts of the 59th Legislature, 1965, did not amend Article 52-160b of Vernon's Code of Criminal Procedure nor Article 1970-122 of Vernon's Civil Statutes of the State of Texas nor Senate Bill No. 371 of the 59th Legislature, and therefore the Commissioners Court would not be authorized to pay such officials salaries greater than the sum authorized under Article 52-160b of V.C.C.P., Article 1970-122 of V.C.S. and Senate Bill No. 371 of the 59th Legislature.

S U M M A R Y

Under the provisions of House Bill No. 140, Acts, 59th Legislature, 1965, which amends Article 3883i, Revised Civil Statutes of Texas, the Commissioners Court of Jefferson County, Texas is not authorized to grant an additional increase over and above the salaries prescribed by Article 52-106b, Vernon's Code of Criminal Procedure, Article 1970-122, Vernon's Civil Statutes, and Senate Bill No. 371, 59th Legislature.

Very truly yours,

WAGGONER CARR
Attorney General

By: John H. Banks
    Assistant

JHB:mkh:ra:ms

APPROVED:
OPINION COMMITTEE:
W. V. Geppert, Chairman
Bob Flowers
Dean Arrington
H. Grady Chandler
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright